[Civ. No. 61572. Second Dist., Div. Five. Nov. 18, 1981.]

MUSIC PLUS FOUR, INC., et al., Plaintiffs and Respondents, v. CITY OF LOS ANGELES et al., Defendants and Appellants.

**COUNSEL**

Burt Pines, City Attorney, Frederick N. Merkin, Assistant City Attorney, and Mark A. Rosenbaum, Deputy City Attorney, for Defendants and Appellants.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney Gener-

al, Robert F. Katz and Richard D. Marino, Deputy Attorneys General, as Amici Curiae on behalf of Defendants and Appellants.

Caton & Glazer, Robert Stanley Florey III, Luke McKissack, Glassman & Browning, Anthony Michael Glassman, Jane D. Saltsman and Frederic M. Smith for Plaintiffs and Respondents.

OPINION

ASHBY, J.—The City of Los Angeles et al. appeal from an order granting a preliminary injunction restraining enforcement of Los Angeles Municipal Code section 45.19.

The ordinance in question regulates the display to minors of drug paraphernalia for sale. In pertinent part the ordinance makes it unlawful for a person in charge of a business establishment to knowingly allow a minor, not accompanied by a parent or legal guardian, to enter and remain within any room where drug paraphernalia is displayed for sale. Drug paraphernalia is defined as "any device designed primarily for use" for smoking or ingesting certain substances. The ordinance further defines the phrase "designed primarily for" and also specifically includes certain named and described devices.[1]

The trial court's primary reason for issuing a preliminary injunction was the court's doubt as to the constitutionality of the ordinance, on grounds of vagueness.

In Music Plus Four, Inc. v. Barnet (1980) 114 Cal.App.3d 113, 125-129 [170 Cal.Rptr. 419], the court held that an essentially similar ordinance of the City of Westminster was not unconstitutionally vague.

The City of Los Angeles ordinance in the instant case is far more specific than the Westminster ordinance, and thus respondents cannot successfully contend that it is unconstitutionally vague.

As alternative grounds for upholding the injunction, respondents argue that the ordinance violates due process on the ground it is not rationally related to a permissible state purpose, infringes upon freedom of speech protected by the First Amendment of the United States Con-

---

[1]The full text of the ordinance is attached to this opinion as an appendix.

stitution, and violates constitutional guarantees of equal protection of the law. These arguments were all rejected in *Barnet*, and the Supreme Court denied hearing. (*Id.*, at pp. 121-132.)

For the reasons indicated in *Barnet*, which was also an appeal from a preliminary injunction, the trial court erred in enjoining enforcement of the Los Angeles ordinance.

The order granting a preliminary injunction is reversed.

Stephens, Acting P. J., and Hastings, J., concurred.

The petition of respondent Music Plus Four, Inc. for a hearing by the Supreme Court was denied January 13, 1982. Kaus, J., did not participate therein.

APPENDIX

"An ordinance amending the Los Angeles Municipal Code to regulate the display of drug paraphernalia to minors.

"WHEREAS, sales displays of drug paraphernalia to minors can encourage the acquisition, experimentation with, and use thereof by such minors to their ultimate harm, and can create misunderstandings among them with respect to the safety and acceptability of drug use; and

"WHEREAS, it is in the public interest that the health and safety of minors be protected; and

"WHEREAS, it is in the best interests of minors that their exposure to sales displays of drug paraphernalia be also known to their parents and legal guardians in order that said parents and guardians may be better able to provide cautionary counsel to those minors in their charge with respect to the effects of the use thereof, and of drug involvement resulting therefrom;

"NOW THEREFORE,

"THE PEOPLE OF THE CITY OF LOS ANGELES

DO ORDAIN AS FOLLOWS:

"Section 1. Article 5 of Chapter IV of the Los Angeles Municipal Code is hereby amended by adding Section 45.19 to read as follows:

"SEC. 45.19. DISPLAY OF DRUG PARAPHERNALIA TO MINORS.

"A. Management.

"1. It shall be unlawful for any person in charge or control of any business establishment wherein drug paraphernalia is displayed for sale, offered for sale. or sold, to knowingly allow or permit a minor, not accompanied by one or both of his or her par-

ents or by his or her legal guardian, to enter and remain within any room of such establishment where drug paraphernalia is displayed for sale, offered for sale or sold.

"2. It shall be unlawful for any person in charge or control of a business establishment wherein drug paraphernalia is displayed for sale, offered for sale, or sold, to fail to display and maintain, or fail to cause to be displayed and maintained, at least one sign stating that a minor may not enter unless accompanied by one or both of his or her parents or by his or her legal guardian. Any such sign shall be placed in a conspicuous location near each public entrance to such business establishment wherein such drug paraphernalia is displayed for sale, offered for sale, or sold, or near each public entrance to any particular room or rooms therein where such drug paraphernalia is displayed for sale, offered for sale or sold.

"3. In the event a substantial number of the public invitees or patrons of a business establishment wherein drug paraphernalia is displayed for sale, offered for sale or sold, uses a language other than English as a primary language, any sign required pursuant to this Section shall be worded in both English and the language or languages involved.

"B. Minors.

"In the event a sign or signs have been posted as required by Subsection A above, it shall be unlawful for a minor to enter any room of a business establishment wherein drug paraphernalia is displayed for sale, offered for sale or sold, unless said minor is accompanied by one or both of his or her parents or by his or her legal guardian.

"C. Definitions.

"1. 'Drug paraphernalia,' including but not limited to one or more of those items identified in that list set forth in Subdivision 3 hereinbelow, shall mean any device designed primarily for use by individuals for the smoking or ingestion of marijuana, hashish, hashish oil, cocaine, or any other 'controlled substance,' as that term is defined in the Health and Safety Code of the State of California.

"2. A device 'designed primarily for' such smoking or ingestion set forth in Subdivision 1 above is a device which has been fabricated, constructed, altered, adjusted, or marked especially for use in the smoking or ingestion of marijuana, hashish, hashish oil, cocaine, or any other 'controlled substance,' and is peculiarly adapted to such purposes by virtue of a distinctive feature or combination of features associated with drug paraphernalia, notwithstanding that it might also be possible to use such device for some other purpose.

"3. Includable Items or Devices:

"(a) Metal, wooden, acrylic, glass, stone, plastic, or ceramic pipes, with or without screens, permanent or otherwise, heads, or punctured metal bowls;

"(b) A device constructed so as to prevent the escape of smoke into the air and to channel smoke into a chamber where it may be accumulated to permit inhalation or ingestion of larger quantities of smoke than would otherwise be possible, whether the device is known as a 'bong,' or otherwise;

"(c) A smokable pipe constructed with a receptacle or container in which water or other liquid may be placed into which smoke passes and is cooled in the process of being inhaled or ingested;

"(d) A smokable pipe which contains a heating unit, whether the device is known as an 'electric pipe,' or otherwise;

"(e) A device constructed so as to permit the simultaneous mixing and ingestion of smoke and nitrous oxide or other compressed gas, whether the device is known as a 'buzz bomb,' or otherwise;

"(f) A canister, container or other device with a tube, nozzle or other similar

arrangement attached thereto so constructed as to permit the forcing of smoke accumulated therein into the user's lungs under pressure;

"(g) A device for holding a cigarette, whether the device is known as a 'roach clip,' or otherwise;

"(h) A spoon for ingestion through the nose;

"(i) A straw or tube for ingestion through the nose or mouth."